IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. HOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-06-366-F |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed his application for benefits on October 20, 2003, alleging that he became disabled on February 15, 2003. (TR 43-45). Plaintiff alleged he was unable to work because of pain in his right hip, back, and knees resulting in a "bad limp" and difficulty with walking

and standing. (TR 71).  Plaintiff also alleged disability due to seizures. (TR 79).  Plaintiff described previous work as a publications "stacker," welder, construction worker, oil well "floor hand," and electrical lineman. (TR 57-63).  In an undated disability questionnaire submitted to the agency, Plaintiff stated that he was working as a printing press stacker, that he walked "slower with a limp" since a February 2003 accident, that he lived with his wife and son, that he had a seizure on October 24, and that he was able to vacuum, wash dishes, take out the trash, and mow the grass although these tasks took longer to accomplish. (TR 65-67).  Plaintiff's application was administratively denied. (TR 26, 27).  At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Headrick ("ALJ") on July 14, 2005, at which Plaintiff, a medical expert ("ME"), and a vocational expert ("VE") testified. (TR 191-226).  At this hearing, Plaintiff testified that he was 45 years old, had an eleventh grade education, and was unable to work due to constant pain in his hips and legs as a result of a previous hip fracture, left knee pain, occasional back pain, and chest pain occurring "sometimes once a day" and lasting up to five seconds. (TR 206, 207, 210, 214-215).  Plaintiff testified that he worked part-time as a county maintenance worker in August and September 2004, that he would have continued this job but it was temporary work "during a celebration," and that he had looked for other work but had not been hired. (TR 202-203, 218).

      Following the hearing, the ALJ issued a decision (TR 15-23) in which the ALJ found that Plaintiff has severe impairments due to seizures and back, hip, and knee pain. (TR 16). The ALJ further found that Plaintiff's impairments are not disabling *per se* and that despite

these impairments Plaintiff has the residual functional capacity ("RFC") to perform work at the light exertional level which would allow him to alternate positions and avoid fast and dangerous machinery and unprotected heights. (TR 16-21). Although the ALJ found that this RFC for work precludes the performance of Plaintiff's previous jobs, the ALJ found that, based on the VE's testimony, Plaintiff is capable of performing other work available in the economy, including the jobs of ticket taker, arcade attendant, and rental clerk. (TR 21). Based on these findings, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (TR 22-23). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. (TR 4-6). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this Complaint is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the

evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520(b)-(f) (2006); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail). Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. RFC for Work

Plaintiff first contends that the ALJ erred at the fourth step of the requisite sequential evaluation process "by failing to formulate a [RFC] that included all of claimant's

limitations" and by relying on "partial entries in a medical record" rather than considering the medical record as a whole. Plaintiff's Brief, at 4.

Although Plaintiff's argument is somewhat disjointed, Plaintiff specifically contends that because of a "back impairment" the ALJ should have included "limitations ... for non-exertional functions such as bending, stooping, and crouching." Plaintiff's Brief, at 7. Plaintiff also contends that the ALJ "should have included directions regarding the number and frequency of required rest breaks based upon the testimony of the claimant himself, as verified by [the ME,] Dr. Krishnamurthi." Plaintiff's Brief, at 7.

Plaintiff admits that throughout the period of time covered by the medical record he had no established treating physician relationship and that the medical record consists mainly of emergency room records of treatment. The ALJ found that Plaintiff has severe impairments due to seizures and back, hip, and knee pain. With respect to Plaintiff's RFC for work, the ALJ found that Plaintiff is capable of light work that allows him to alternate positions and avoid fast and dangerous machinery and unprotected heights. Plaintiff does not point to any objective medical evidence in which a treating physician has imposed bending, stooping, or crouching limitations or a need for frequent "rest breaks" due to a medical impairment. The ALJ accurately summarized the medical record in his decision (TR 17-20), and no error occurred with respect to the ALJ's consideration of the evidence.

The ALJ's RFC finding is well supported by the objective medical evidence in the record, including the report of the physician regarding a physical examination of Plaintiff conducted in October 2003 (TR 126), the consultative examiner's report of an examination

of Plaintiff conducted in January 2004 (TR 145-152), the report of an emergency room treating physician regarding a physical examination of Plaintiff conducted in May 2004 (TR 186), and the report of the physician who conducted a physical examination of Plaintiff in September 2004 at a hospital emergency room (TR 176-181). The RFC finding is also supported by the ME's testimony at the hearing in which the ME provided an assessment of Plaintiff's RFC for work based on the ME's review of the medical record. (TR 196). Plaintiff received medical treatment following a motor vehicle accident in February 2003 in which he reportedly was run over by a pick-up truck and suffered a pelvic fracture. (TR 88-100). He was treated for a pelvic fracture and released from treatment in May 2003 after his back pain improved. (TR 144). X-rays of Plaintiff's lumbar spine in February 2003 showed the presence of bone spurs and mild anterior wedging at one level. (TR 88). However, Plaintiff has not persistently sought medical treatment for a back, leg, or hip impairment. He was prescribed anti-inflammatory medication for his complaint of back pain in October 2003 (TR 124), and in January 2004 the consultative examiner reported that Plaintiff walked with a normal, steady speed, moved easily from a chair to an examining table, exhibited no muscle atrophy, and exhibited full range of motion of the back and all joints and no decrease in strength (TR 147-151).

In arguing that the ALJ failed to consider all of the evidence in determining Plaintiff's RFC for work, Plaintiff points to an RFC assessment made by a medical consultant for the agency. In this RFC assessment, the consultant assessed Plaintiff as being capable of

performing work at the medium exertional level[1] limited to work involving occasional stooping or crouching. (TR 153-160). A second medical consultant for the agency completed an RFC assessment in which the consultant indicated that Plaintiff was capable of performing light work with no postural limitations or other limitations except for avoiding hazardous machinery or heights. (TR 163-170). The ALJ was required to consider these assessments, but the ALJ is not required to discuss any particular medical assessment unless the assessment is uncontroverted. See Clifton, 79 F.3d at 1010. The ALJ stated in his decision that he had reviewed and considered all of the evidence in the record (TR 15-16), and the Plaintiff's unsupported assertion does not provide evidence to the contrary. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498-1499 (10th Cir. 1992)(where ALJ stated he considered all of the evidence, ALJ's reliance on medical findings does not overcome assumption of veracity attached to ALJ's statement). Moreover, the Social Security Administration defines light work as requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, and "occasional, rather than frequent, stooping." SSR 83-10, 1983 WL 31251, at *5-6. Frequent bending, stooping, or crouching is related to medium work. Id. at *6. The ALJ's RFC finding of an ability to perform light work is therefore consistent with the first agency

---

[1] The consultant opined that Plaintiff was capable of occasionally lifting up to 50 pounds and frequently lifting up to 25 pounds. (TR 154). This assessment corresponds to the agency's established definition for medium work. 20 C.F.R. § 404.1567(c).

medical consultant's assessment that Plaintiff is capable of occasional stooping or crouching. Plaintiff is asking this Court to reweigh the evidence in this respect, and the Court has no authority to do so.

Plaintiff has mischaracterized the ME's testimony in asserting that the ME contemplated Plaintiff would require "rest breaks" during the workday. At the administrative hearing, the ME testified that based on his review of the medical record Plaintiff was capable of lifting and carrying objects weighing 10 pounds frequently and 20 pounds occasionally, sitting for six hours in an eight-hour work period, and standing and walking for two hours in an eight-hour work period with no other limitations. (TR 196). When questioned on cross-examination by Plaintiff's attorney whether it would be reasonable for an individual with previous knee surgeries and continued knee pain to "stop and take breaks or rest breaks" during an eight-hour workday, the ME testified that he had estimated Plaintiff could stand and walk two hours in an eight-hour work period. (TR 198). The ME's assessment of Plaintiff's RFC for work did not include a requirement for "rest breaks," and the ME indicated that the restriction the ME placed on Plaintiff's standing and walking ability was sufficient to allow Plaintiff opportunities to sit during the workday. Again, Plaintiff has pointed to no objective medical evidence indicating Plaintiff would require "rest breaks" during the workday due to a medical impairment.

It is the ALJ's obligation to resolve any conflicts in the record, and this Court has no authority to reweigh the evidence. The fact that one agency consultant opined that Plaintiff is capable of performing work at the medium exertional level, another agency consultant

opined that Plaintiff is capable of performing work at the light exertional level, and the ME testified that Plaintiff is capable of performing light work with standing and walking restrictions does not present any substantive conflict in the medical evidence which the ALJ was required to address.  An ALJ is bound by the opinions of agency medical consultants only to the extent they are supported by evidence in the medical record. SSR 96-6P, 1996 WL 374180, at *2.  No error occurred in this regard, and there is substantial evidence in the record supporting the ALJ's RFC finding.

IV. Credibility

Plaintiff contends that the ALJ's credibility analysis was defective. To find that a claimant's pain is disabling, the "pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Brown v. Bowen, 801 F.2d 361, 362-363 (10th Cir. 1986)(internal quotation omitted). "Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence." Ellison v. Secretary of Health & Human Servs., 929 F.2d 534, 537 (10th Cir. 1990).

In assessing the credibility of a subjective allegation of disabling pain, the ALJ must consider such factors as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); see Luna v. Bowen, 834 F.2d 161, 165-166 (10th Cir. 1987).

The ALJ's decision reflects a detailed analysis of the credibility of Plaintiff's complaints of disabling pain and other nonexertional limitations. In finding that Plaintiff's allegation of disabling pain was not credible, the ALJ appropriately considered the objective medical evidence to determine whether the medical evidence was consistent with Plaintiff's allegations, Plaintiff's reported daily activities, the frequency with which Plaintiff sought medical treatment, and the opinions of treating or examining physicians with respect to the severity of Plaintiff's impairments and any resulting work-related limitations.  (TR 20-21). The ALJ appropriately considered the absence of ongoing medical treatment for pain or a pain-producing impairment as a factor in determining Plaintiff's credibility.  The Plaintiff relied on financial problems as a reason for not seeking medical treatment, and the ALJ appropriately considered the availability of indigent public medical services as a factor in addressing the credibility of Plaintiff's testimony.  Moreover, given the evidence that Plaintiff routinely buys alcohol and cigarettes, the ALJ appropriately discounted Plaintiff's contention that he was unable to afford ongoing medical treatment or medications for pain or other nonexertional limitations.  See Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999)(finding ALJ appropriately rejected credibility of allegation of disabling pain in view of lack of evidence suggesting claimant sought any medical treatment offered to indigents or chose to forgo smoking cigarettes to help finance pain medication). Plaintiff's allegation of disabling pain and other nonexertional limitations was not consistent with the objective

medical evidence, particularly the reports of examining physicians attesting to Plaintiff's unlimited ability to move his back, hips, and lower extremities and Plaintiff's description of his usual daily activities. Additionally, Plaintiff has been prescribed only anti-inflammatory medication for back pain, and he has not been prescribed medication to treat a seizure disorder.

The ALJ did not entirely reject Plaintiff's assertion of pain. The ALJ's RFC finding reflects significant exertional restrictions in light of Plaintiff's testimony that he required frequent breaks for sitting when he performed work-related standing and walking activities during his temporary lawn maintenance job in September and October 2004. The ALJ's credibility decision is well supported by the medical record and will not be disturbed. The VE's testimony as to the availability of jobs incorporating the ALJ's RFC finding provides substantial evidence to support the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for disability insurance benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      December 18th, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their

respective right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this      28th      day of      November     , 2006.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE